**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 26-cv-04913-RMR

MARCO ANTONIO LOMA APARICIO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

Petitioner Marco Antonio Loma Aparicio is a citizen of Mexico who entered the United States in 2002, when he was two years old. ECF No. 1 at 5. He is married with two children. *Id.* at 6. In August 2026, he was detained by four unidentified individuals who delivered him to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* at 5. He is currently held at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 5. He has filed the instant Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"), requesting his immediate release.

In support, Petitioner argues that his arrest violated his constitutional rights and exceeded ICE's authority to detain aliens under 8 U.S.C. § 1226(a). *Id.* at 6-8. That statute grants ICE the authority to arrest and detain aliens "[o]n a warrant issued by the Attorney General." An ICE officer may also arrest aliens without a warrant if the officer believes the

alien is likely to escape before a warrant can be obtained for his arrest. 8 U.S.C. § 1357(a)(2). Petitioner contends that he was arrested without a warrant, and without any reason for ICE to believe that he would attempt to escape. ECF No. 1 at 6-7. Thus, he argues, he must be released. *Id.*

Respondents have submitted a response to the Petition. ECF No. 7. They state they “are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case.” *Id.* at 1. They recognize that “the Court may then decide to grant the Petition and award appropriate relief.” *Id.* at 1-2. They contend that “if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court’s Order, <u>release</u> Petitioner from detention.” *Id.* at 2 (underline in original).

Given this response, the Petition is granted. Respondents bear the burden of demonstrating that Petitioner’s detention is justified. *See, e.g.*, *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024). They have not done so in their response, and nothing in the Petition indicates that Petitioner’s detention is justified or necessary.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other

restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
5. On or before **October 21, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: October 14, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court